IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| ADRIAN GUILLE,<br><br>Plaintiff,<br><br>vs.<br><br>JOSH SWEENEY, TOM WOOD, CHRIS CONNEL, MYRON BEESON, SGT. ROBERT TURNER, K. COZBY, JOSH KNIGHT, BILLIE REICH, and JOHN and JANE DOES,<br><br>Defendants. | CV 14-00051-H-DLC-JTJ<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Adrian Guille has filed a Complaint alleging Defendants denied him due process during a disciplinary hearing, denied him adequate medical care, and utilized excessive force during a cell extraction at Montana State Prison. (Complaint, Doc. 2 at 6.) He also raises state law claims of negligence, battery, and assault. (Doc. 2 at 23-24). Mr. Guille's denial of medical care and denial of due process claims should be dismissed. His Eighth Amendment excessive force claims and state law claims will be served upon Defendants Sweeny, Wood, Connel, Beeson, Turner, Knight, John Does 1-4, and the John Doe cage officer.

**I.     JURISDICTION**

Mr. Guille filed this action in federal court, in the Helena Division of the

1

District of Montana. (Complaint, Doc. 2.) Venue is proper, as he is incarcerated in and alleges wrongs committed in Powell County, Montana. Local Rule 3.2(b)(3). The Court has personal jurisdiction over the parties, all of whom are found in Montana. Fed. R. Civ. P. 4(k)(1)(A); Mont. R. Civ. P. 4(b). Read liberally, the Complaint alleges a violation under 42 U.S.C. § 1983, invoking subject matter jurisdiction. 28 U.S.C. § 1331, 28 U.S.C. § 1343(a). The case was assigned to Hon. Dana Christensen, Chief United States District Court Judge, and referred to the undersigned. Local Rule 72.2(a)(1).

## II. STATUS

Mr. Guille is a prisoner incarcerated at the Snake River Correctional Institution in Ontario, Oregon. (Doc. 10.) Pursuant to the federal statutes governing proceedings in forma pauperis and cases filed by prisoners, federal courts must screen a case to assess the merits of the claims. 28 U.S.C. §§ 1915(e)(2), 1915A(a). Accordingly, the Court must identify cognizable claims, or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), § 1915A. If so, the case must be dismissed. 28 U.S.C. §§ 1915(e)(2), 1915A(b). This is that review.

2

### III. STANDARDS

**Stating a claim**

A complaint must allege sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plausibility is less than probability, but requires "more than a sheer possibility that a defendant has acted unlawfully." *Id*. Pleadings that are no more than conclusions are not entitled to the presumption of truth and may be disregarded. *Id.* at 679. A plaintiff must plead the essential elements of a claim to avoid dismissal. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

**Leave to amend**

The Court liberally construes pro se pleadings. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). "Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

Leave to amend a complaint should be given freely "when justice so

requires." Fed. R. Civ. P. 15. A district court, however, should dismiss a complaint without granting leave to amend if amendments would be futile. *Klamath Lake Pharmaceutical Ass'n v. Klamath Medical Services Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983); *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989).

**Fourteenth Amendment–Procedural Due Process**

Prisoners are entitled to due process protections when subject to disciplinary sanctions that implicate "a protected liberty interest–that is, where the conditions of confinement impose an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Brown v. Oregon Dep't of Corrections*, ___ F.3d ___, 2014 WL 1687758 (9th Cir. 2014) (*quoting Sandin v. Conner*, 515 U.S. 472, 484 (1995)). A litigant alleging a due process violation must first demonstrate that he was deprived of a liberty interest protected by the Due Process Clause and then show that the procedures attendant upon the deprivation were not constitutionally sufficient. *Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 459–60 (1989).

Prisoners are entitled to due process protections "only where the deprivation implicates a protected liberty interest–that is, where the conditions of confinement impose an 'atypical and significant hardship on the inmate in relation to the

4

ordinary incidents of prison life.'" *Brown v. Oregon Dept. of Corrections*, 751 F.3d 983, 987 (9th Cir. 2014) (*quoting Sandin*, 515 U.S. at 484).

**Grievance Process**

An inmate does not have a constitutional right to have his grievances decided or processed in a particular manner. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) ("[I]nmates lack a separate constitutional entitlement to a specific grievance procedure.").

**Eighth Amendment–Denial of Medical Care**

To state an Eighth Amendment claim for denial of medical care, a plaintiff must allege specific facts that, if proved, would establish that the plaintiff had a serious medical need and the defendant showed deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *see also McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997). To state an arguable Section 1983 claim for failure to provide medical care, a prisoner must allege that a defendant's "acts or omissions [were] sufficiently harmful to evidence a deliberate indifference to serious medical needs." *Estelle*, 429 U.S. at 106; *Toussaint v. McCarthy*, 801 F.2d 1080, 1111 (9th Cir. 1986).

A serious medical need exists if failure to treat the condition could result in

5

significant injury or the "unnecessary or wanton infliction of pain." *Estelle*, 429 U.S. at 104. To qualify as a deliberately indifferent response, the plaintiff must allege: (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference. *Jett v. Penner*, 439 F.3d 1091, 1096.

A difference of opinion between medical professionals concerning the appropriate course of treatment generally does not amount to deliberate indifference to serious medical needs. *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004); *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). Also, "a difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a[§ ]1983 claim." *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981). To establish that such a difference of opinion amounted to deliberate indifference, the prisoner "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances" and "that they chose this course in conscious disregard of an excessive risk to [the prisoner's] health." *See Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996). Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105–06); *see also Toguchi*, 391 F.3d at 1060.

**Eighth Amendment–Excessive Use of Force**

Eighth Amendment excessive use of force claims contain both a subjective and an objective component and require two inquiries: (1) whether the official charged with inflicting force acted with a sufficiently culpable state-of-mind; and (2) whether the force used was sufficiently serious to establish a constitutional violation. *Hudson v. McMillian*, 503 U.S. 1,8 (1992); *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). The core judicial inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6.

Not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson*, 503 U.S. at 9. "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes form constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.' " *Hudson*, 503 U.S. at 9-10. An inmate who complains of a "push or shove" that causes no discernable injury almost certainly fails to state a valid excessive force claim. *Wilkins v. Gaddy*, 559 U.S. 34, 38 (2010). But the malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. *Id.* at 9; *see also Oliver v. Keller*, 289 F.3d 623, 628

(9th Cir. 2002) (Eighth Amendment excessive force standard examines *de minimis* uses of force, not *de minimis* injuries).

IV. STATEMENT OF THE CASE

**Parties**

Mr. Guille is a prisoner incarcerated at the Snake River Correctional Institution in Ontario, Oregon. (Doc. 10.) He was previously incarcerated at Montana State Prison in Deer Lodge, Montana, where the alleged incidents occurred. He is proceeding without counsel. The named Defendants are Josh Sweeny, Tom Wood, Chris Connel, Myron Beeson, Sgt. Robert Turner, K. Cozby, Officer John Knight, Billie Reich, four unknown IPS Officers, an unknown nurse, an unknown medical administrator, and an unknown cage officer.[1] (Complaint, Doc. 2 at 1, 4-6.)

**Allegations**

For purposes of this review, factual allegations in the Complaint are presumed to be true. Unsupported legal conclusions, however, are disregarded.

On July 5, 2013, prison officials asked Mr. Guille to dress. Mr. Guille became angry and "trashed" his cell. He threw a vent cover and two socket covers

---

[1] Although not defined in the Complaint, the Court will assume for purposes of this Order that "IPS" stands for "inner perimeter security."

through a window. He also engaged the fire sprinkler system.

Prison officials returned after disengaging the fire sprinkler system. They wore riot helmets and gas masks and carried shields and gas agent dispensers. They discharged gas agents on Mr. Guille's back, neck, and head. An official shot Mr. Guille in the back with a taser, and Mr. Guille fell face down on the cell floor. He was then tased again, and an official grabbed the hair on the back of Mr. Guille's head and slammed his face into the cell floor. Mr. Guille was then tased a third time. Throughout the altercation, Mr. Guille repeatedly asked: "What do you want me to do?" Mr. Guille alleges he did not resist or threaten the officials in any fashion or break any prison rules. (Complaint, Doc. 2 at 10-12.)

Mr. Guille alleges he inhaled water and glass from the cell floor. Mr. Guille also received lacerations to his face, scalp and legal and numerous abrasions to his arms, torso, and back of his head. (Complaint, Doc. 2 at 12.)

After this incident, prison officials took Mr. Guille to a chair in the hallway where Nurse Jane Doe # 1 looked at his face from a distance of approximately three feet and said "oh my." Mr. Guille stated he was experiencing a lot of pain and had swallowed glass. The Nurse said: "It looks like you'll live," and "let the glass pass through your system." (Complaint Doc. 2 at 13-14.)

Prison officials then placed him in a cell without clothing, blankets, sheets,

or a bed.  The water was turned off in the new cell, and Mr. Guille had no opportunity to rinse off the chemical agents.  (Complaint, Doc. 2 at 14.)

On July 19, 2013, Mr. Guille was served with disciplinary charges for refusing a direct order, possession of a weapon, destroying facility property, and willfully tampering with a locking device.  He requested witnesses to testify at his disciplinary hearing and access to the video from the incident.  His requests were denied.  After the hearing, Mr. Guille received a written disposition finding him guilty and sentencing him to 45 days of punitive segregation.

On an unknown date, Mr. Guille submitted a medical request stating that he had ingested glass unintentionally and was currently experiencing complications that required medical treatment.  The request was returned, but he does not indicate what was said on the response.  It was signed by Jane Doe #2.  When he grieved this issue, Billie Reich responded that he could not grieve medical care. (Complaint, Doc. 2 at 19.)

V.  ANALYSIS

**Fourteenth Amendment–Procedural Due Process**

Mr. Guille alleges Defendants violated his due process rights.  However, Mr. Guille cannot establish that he was denied a protected liberty interest.  The punishment he received as a result of the disciplinary hearing was just 45 days in

10

segregation. Generally, placement in administrative segregation does not place an atypical or significant hardship on an inmate sufficient to give rise to a protected liberty interest. *See May v. Baldwin*, 109 F.3d 557, 565 (9th Cir. 1997) (concluded that prisoners have no liberty interest in remaining free from administrative segregation or solitary confinement); *Toussaint v. McCarthy*, 801 F.2d 1080, 1091 (9th Cir. 1985) (finding that administrative segregation is the type of confinement that can be reasonably anticipated by inmates at some point in their incarceration), abrogated in part on other grounds by *Sandin*, 515 U.S. 472; *see also Myron v. Terhune*, 476 F.3d 716, 718 (9th Cir. 2007) (finding no "atypical and significant deprivation" where prisoner failed to allege conditions at level IV prison differed significantly from those at a level III prison); *Sandin*, 515 U.S. at 486 (placing an inmate in administrative segregation for 30 days "did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest."). Mr. Guille failed to allege an atypical or significant hardship on an inmate sufficient to give rise to a protected liberty interest. Thus, he has failed to state a due process claim regarding his disciplinary hearing, and this claim should be dismissed.

**Grievance Process**

To the extent Mr. Guille alleges Defendants Beeson and Reich failed to respond adequately to his grievances, these claims fail to state a claim and should be dismissed. *See Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988); *see also Ramirez*, 334 F.3d at 860 (holding that there is no liberty interest entitling inmates to a specific grievance process).

**Eighth Amendment–Denial of Medical Care**

Mr. Guille alleges he suffered a cut above his eye and may have ingested glass. He has failed to sufficiently allege a serious medical need. While he may have been in pain after the cell extraction, he does not alleged any lasting pain or complications as a result of the injuries he received.

In addition, Mr. Guille has failed to allege deliberate indifference to his medical needs. A nurse met with him, and she determined that no medical treatment was necessary at the time. He also alleges that his medical requests were ignored, but he does not allege what complications he may have been suffering as a result of his injuries. He does not allege that the nurse's diagnosis was medically unacceptable or that he suffered harm as a result. Thus, Mr. Guille's claims of denial of medical care fail to state a claim upon which relief may be granted and should be dismissed.

**Eighth Amendment–Excessive Use of Force and State Tort Claims**

12

The Court has considered whether Mr. Guille's federal claims of use of force during the cell extraction and failure to decontaminate, as well as his state law claims of negligence, battery, and assault, are frivolous, malicious, fail to state a claim, or seek solely monetary relief from a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b). *See e.g. Clement v. Gomez*, 298 F.3d 898, 905 (9th Cir. 2002) (the failure to decontaminate prisoners or otherwise provide medical treatment for prisoners exposed to pepper spray can support a claim for the violation of the Eighth Amendment). It has also considered whether Mr. Guille has a reasonable opportunity to prevail on the merits of these claims. *See* 42 U.S.C. § 1997e(g)(2) (while defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that plaintiff has a "reasonable opportunity to prevail on the merits," defendants must respond).

With liberal construction, the Court finds that Mr. Guille's allegations of excessive force, failure to decontaminate, negligence, battery, and assault warrant a response from Defendants Sweeney, Knight, Turner, Wood, Beeson, Connel, the

13

John Doe IPS Officers who participated in the cell extraction and failed to decontaminate Mr. Guille, and the John Doe Cage Officer.

## VI. CONCLUSION

Mr. Guille's claims regarding denial of due process, the grievance procedure, and denial of medical care should be dismissed. Mr. Guille's excessive force claims and state law claims will be served on Defendants.

Based upon the foregoing, the Court issues the following:

### ORDER

1. Pursuant to Fed.R.Civ.P. 4(d), Defendants Sweeney, Knight, Turner, Wood, Beeson, Connel, the John Doe IPS Officers, and the John Doe Cage Officer are requested to waive service of summons by executing, or having counsel execute, the Waiver of Service of Summons. The Waiver must be returned to the Court within **thirty (30) days of the entry date reflected on the Notice of Electronic Filing**. If Defendants choose to return the Waiver of Service of Summons, the answer or appropriate motion will be due within 60 days after the entry date of this Order as reflected on the Notice of Electronic Filing, pursuant to Fed.R.Civ.P. 12(a)(1)(B).

2. The Clerk of Court shall forward the documents listed below to: Legal Counsel for the

Montana Department of Corrections
P.O. Box 201301
Helena, MT 59620-1301

    \*      Complaint (Doc. 2);

    \*      this Order;

    \*      a Notice of Lawsuit & Request to Waive Service of Summons; and

    \*      a Waiver of Service of Summons.

3. Any party's request that the Court grant relief, make a ruling, or take an action of any kind must be made in the form of a motion, with an appropriate caption designating the name of the motion, and must be served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10, and 11. The Court will not consider requests made or information presented in letter form.

4. Pursuant to Fed.R.Civ.P. 5(a), all documents presented for the Court's consideration must be simultaneously served by first-class mail upon the opposing party or their counsel if the party is represented. Each party shall sign and attach a proper certificate of service to each document filed with the Court. The Certificate of Service must state the date on which the document was deposited in the mail and the name and address of the person to whom the document was sent. The sender must sign the certificate of service.

5. Mr. Guille <u>must not</u> make any motion for default until at least seventy

15

(70) days after the date of this Order.

    6. At all times during the pendency of this action, Mr. Guille must immediately advise the Court and opposing counsel of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further, the Court issues the following:

## RECOMMENDATIONS

Mr. Guille's claims of denial of due process, the grievance procedure, and denial of adequate medical care should be **DISMISSED**. Defendants Cozby, Billie Reich, and the Jane Doe defendants should be **DISMISSED**.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Guille may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[2] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of

---

[2] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.

Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 20th day of January, 2015.

/s/ John Johnston
John Johnston
United States Magistrate Judge

# NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE OF SUMMONS

TO: Legal Counsel for the Montana Department of Corrections
P.O. Box 201301
Helena, MT 59620-1301

A lawsuit has been commenced by a pro se plaintiff against Josh Sweeney, John Does 1-4, Tom Wood, Chris Connel, Myron Beeson, Sgt. Robert Turner, Officer Josh Knight, and John Doe Cage Officer. A copy the Complaint is attached to this notice. It has been filed in the United States District Court for the District of Montana, Civil Action No. CV-14-51-H-DLC-JTJ. The Court has completed its pre-screening and concludes these Defendants must file a responsive pleading. *See* 42 U.S.C. § 1997e(c), (g)(2); 28 U.S.C. §§ 1915(e)(2), 1915A(a), (b).

This is not a formal summons or notification from the Court, but rather a request that you sign and file the enclosed waiver of service in order to save the cost of service by the U.S. Marshal's Service. The cost of service will be avoided if you file the signed Waiver of Service of Summons within 30 days of the date the Order directing this Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

If you comply with this request and return the waiver to the Court, it will be filed with the Court and no summons will be served. The action will then proceed as if you had been served on the date the waiver is filed, except you must file an answer or appropriate motion within 60 days of the date the Order directing this Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

If you do not wish to waive service on behalf of Defendants, please indicate this on the Waiver of Service of Summons form. The Court will, in turn, order the U.S. Marshal's Service to serve the complaint personally on Defendants and may impose the full costs of such service.

                                          */s/ John Johnston*
                                          John Johnston
                                          United States Magistrate Judge

# WAIVER OF SERVICE OF SUMMONS

TO: The U.S. District Court for the District of Montana

      The following Defendants acknowledge receipt of your request to waive service of summons in the following action: *Guille v. Sweeney, et al.*, Civil Action No. CV-14-51-H-DLC-JTJ, filed in the United States District Court for the District of Montana. Defendants also received a copy of the Complaint. I am authorized by the following Defendants to agree to save the cost of service of a summons and an additional copy of the Complaint in this action by not requiring that the following individuals be served with judicial process in the case provided by Fed.R.Civ.P. 4:

_____; _____;

_____; _____;

_____; _____;

_____; _____;

      The above-named Defendants retain all defenses or objections to the lawsuits or to the jurisdiction or venue of the Court except for objections based on a defect in the summons or in the service of the summons. I understand judgments may be entered against the above-named Defendants if an answer or motion under Fed.R.Civ.P. 12 is not served within 60 days after the date the Order directing the Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

_____      _____
DATE                                      SIGNATURE

                                               _____
                                               PRINTED/TYPED NAME

                                               _____

                                               _____
                                               ADDRESS