IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| ADRIAN GUILLE,<br><br>Plaintiff,<br><br>vs.<br><br>JOSH SWEENEY, TOM WOOD, CHRIS CONNEL, MYRON BEESON, SGT. ROBERT TURNER, K. COZBY, JOSH KNIGHT, BILLIE REICH, and JOHN and JANE DOES,<br><br>Defendants. | CV 14-51-H-DLC-JTJ<br><br>ORDER |

United States Magistrate Judge John T. Johnston entered Findings and Recommendations on January 20, 2015, recommending that Guille's claims of denial of due process, the grievance procedure, and denial of adequate medical care be dismissed and that Defendants K. Cozby, Billie Reich, and Jane Does be dismissed. Plaintiff failed to timely object to the Findings and Recommendations, and so waived the right to *de novo* review of the record. 28 U.S.C. § 636(b)(1). The Court will therefore review the record for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000). There is no clear error in Judge Johnston's Findings and Recommendations and the Court adopts them in full. Because the parties are familiar with the facts of this case they will only be included here as necessary to explain the Court's order.

Judge Johnston did not clearly err in finding that 45 days in segregation did not place an atypical or significant hardship on Guille, and therefore did not give rise to a protected liberty interest for purposes of Guilee's Fourteenth Amendment procedural due process claim. *Sandin v. Conner*, 515 U.S. 472 (1995). There is no clear error in Judge Johnston's finding that Guille does not have a constitutional right to a specific grievance procedure. *Ramirez v. Galaza*, 334 F.3d 850 (9th Cir. 2003).

There is no clear error in Judge Johnston's finding that Guille fails to state a claim upon which relief may be granted in his Eighth Amendment claim for denial of medical care. Even if Guille could allege facts showing his injuries amounted to a serious medical need, which he has not done, he has failed to show deliberate indifference to his medical needs. Medical personnel met with Guille and determined that no treatment was necessary at the time. Guille's differing opinion

does not give rise to a section 1983 claim. *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).

Accordingly, IT IS ORDERED that Judge Johnston's Findings and Recommendations (Doc. 11) are ADOPTED IN FULL. Plaintiff's claims regarding denial of due process, the grievance procedures, and denial of medical care are DISMISSED. Defendants K. Cozby, Billie Reich, and Jane Does are DISMISSED.

Dated this 11th day of February, 2015.

Dana L. Christensen, Chief Judge
United States District Court