IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| ADRIAN GUILLE,<br><br>Plaintiff,<br><br>vs.<br><br>JOSH SWEENEY, TOM WOOD, CHRIS CONNELL, MYRON BEESON, SGT. ROBERT TURNER, JOSH KNIGHT, SAMUEL SHORT, JASON TRUDEAU, GARRETT KENT, DANIEL SEGOVIC AND LEROY KIRKEGARD,[1]<br><br>Defendants. | CV 14-00051-H-DLC-JTJ<br><br><br>ORDER |

Plaintiff Adrian Guille is a prisoner proceeding pro se and in forma pauperis. He is incarcerated at the Snake River Correctional Institution in Ontario, Oregon. (Notice of Change of Address, Doc. 24.) Pending are Mr. Guille's Motion for an Extension of Time (Doc. 35), Motion to Compel (Doc. 36), and Motion to Appoint Counsel (Doc. 42), and Defendants' Motion for a Protective Order (Doc. 44).

Mr. Guille's motions will be denied. The Court will grant Defendants'

---

[1] The case style has been amended to reflect the addition of Defendants Short, Trudeau, Kent, Segovi, and Kirkegard. *See* August 17, 2015 Order (Doc. 31), granting Motion for Leave to Amend Complaint (Doc. 32).

1

motion for protective order for the limited purpose of allowing Defendants to file a motion for summary judgment. Should this matter survive summary judgment, the Court will reconsider Mr. Guille's motion to compel the production of complaints/grievances complaining of prior incidents of excessive force by Defendants.

**I. Motion for Extension of Time to File Discovery**

Mr. Guille requests a thirty-day extension of time to file discovery. He states he has made a number of discovery requests but has yet to receive the vast majority of the discovery. (Doc. 35.) The Court will address Mr. Guille's concerns regarding discovery requests in this Order. There is no need for an extension of discovery. The motion will be denied. Discovery concluded in this matter on December 3, 3015, and motions are due on January 8, 2015.

**II. Motion to Compel/Motion for Protective Order**

The discovery request at issue in both Mr. Guille's Motion to Compel (Doc. 36) and Defendants' Motion for Protective Order (Doc. 44) is Mr. Guille's request for "any and all grievances, complaints, or other documents received by prison staff, Defendant Myron Beeson or his agents at Montana State Prison concerning the mistreatment of inmates by Defendants Josh Sweeney, the Inner Perimeter Security officers working with him on July 5, 2013, and any memoranda,

2

investigative files, or other documents created in response to such complaints since July 5, 2012 to the date that plaintiff was transferred out of state." (Doc. 37 at 3, citing Doc. 37-1 at 67, ¶ 1.) Defendants responded as follows: "Objection. This Request seeks information that is not reasonably calculated to lead to the discovery of admissible evidence and is therefore not within the scope of Rule 26(b)(1) of the Fed. R. Civ. P. Furthermore, it is overbroad and unduly burdensome." (Doc. 37-2 at 2-3, ¶ 1.)

Mr. Guille contends that he has alleged a history of abuse by Defendants and that nothing has been done about it. He argues the requested discovery will be relevant to his supervisory liability claims. (Doc. 37 at 4.) He claims the discovery may also support his claims against the individual officers under Rule 404(b) of the Federal Rules of Evidence which provides that evidence of prior wrongs or other acts "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

Defendants first argue that Mr. Guille failed to confer with Defendants regarding this issue. (Doc. 49 at 6-7.) Mr. Guille, however, provided Defendants with a "Response to Defendants' Objections to Discovery" in which he attempted to address why he felt the request was specific and not unduly burdensome. He

then revised his request to ask for responses to this request from July 5, 2012 to the date of Defendants' response to the request. (Doc. 37-2 at 8-10.) Mr. Guille also presented a July 31, 2015 letter to Defendants' counsel, asking for the discovery requested. Mr. Guille indicated in the letter that it had been more than 30 days since his second request for the documents and that his next step would be to file a motion to compel. (Doc. 37-2 at 37.) Counsel for Defendants responded to the letter on October 29, 2015 (Doc. 37-2 at 39-40), the same date that Mr. Guille filed his motion to compel (Doc. 36). Given Mr. Guille's out-of-state incarceration, the Court finds that, in this instance, Mr. Guille sufficiently complied with Local Rule 26.3

A party may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1).[2] The Court will first address Mr. Guille's argument that this

---

[2] This version of Rule 26(b) took effect on December 1, 2015. It reflects that the "proportionality" analysis previously set forth in Rule 26(b)(2)(C) has now been incorporated into the definition of the scope of discovery.

discovery is relevant to the issue of whether the individual Defendants utilized excessive force on July 5, 2013. That issue will be personal to the individual Defendants and should not depend on other inmates' complaints of excessive force. Other inmates' grievances will have a limited effect, if any, on the determination of whether there was an underlying constitutional violation in this situation. As such, the Court finds that the burden of producing other inmates' grievances regarding excessive use of force by Defendants is not proportional to the needs of the case.

Other inmates' grievances regarding use of force by the individual Defendants prior to July 5, 2013, however, may be vital to establishing supervisory liability. However, if Mr. Guille cannot establish a constitutional violation by an individual officer, then there is no basis for supervisory liability. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) ("If a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have authorized the use of constitutionally excessive force is quite beside the point."). Should Mr. Guille survive summary judgment on the issue of individual liability, the Court will revisit this issue.[3]

---

[3] The Court recognizes Defendants' position that to produce the documents requested would be unduly burdensome because it would require them to "manually search through all 10,010 informal and formal grievances" to find documents responsive to Mr. Guille's request. The Court has seen in other cases a a spreadsheet or similar record of the grievances filed. In the *McGovern* case cited

**III. Motion for Appointment of Counsel**

Mr. Guille has also filed a motion for appointment of counsel. (Doc. 42.) He contends his case is factually complex and he is incarcerated out of state in lock-down, impairing his ability to investigate the facts. He argues he has been unable to identify, locate, and interview the inmates who were housed in nearby cells and who saw and/or heard some of the incident at issue. He contends the case is still in the discovery phase and requires considerable discovery concerning the identity of witnesses, the officers' depositions, and prior history of use of force by the officers. He asserts that his account of the beatings is squarely in conflict with the statements of the officers, creating a credibility contest. He states he is indigent with no legal training and is confined in segregation with very limited access to legal materials. He contends that because of the number of Defendants, some of whom are supervisory officials, there are complex legal issues, and he has requested a jury trial, which will require greater legal skills than he possesses. He also argues his case has merit because he will show an unprovoked and injurious

---

by Defendants, Mr. McGovern argued that "the grievance system is structured to be reviewed and cataloged to identify problems and a pattern of actions by staff." (*McGovern v. Ferriter*, Civil Action No. 12-cv-101-H-DLC-RKS, Doc. 51 at 3.) The Defendants in the *McGovern* case did not dispute this representation. Should Defendants need to raise the "unduly burdensome" argument again, the Court will require further briefing on whether there is a method by which Montana State Prison has to search or categorize grievances.

beating that clearly violated the Eighth Amendment. (Doc. 43.)

This is Mr. Guille's second motion for the appointment of counsel.[4] As set forth in the Court's prior Order denying the appointment of counsel, a judge may only request counsel for an indigent plaintiff under "exceptional circumstances." 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). This requires an "evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.' " *Terrell*, 935 F.2d at 1017 (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (citations omitted)).

Many indigent plaintiffs might fare better if represented by counsel, particularly in more complex areas such as discovery and the securing of expert testimony. However, this is not the test. *Rand*, 113 F.3d at 1525. Plaintiffs representing themselves are rarely able to research and investigate facts easily. This alone does not deem a case complex. *See Wilborn*, 789 F.2d at 1331. Factual disputes and thus anticipated examination of witnesses at trial does not establish exceptional circumstances supporting an appointment of counsel. *Rand*, 113 F.3d at 1525.

---

[4] Mr. Guille filed a motion for the appointment of counsel onan ad litem to be appointed to represent him on February 20, 2015. (Doc. 25.) That motion was denied February 25, 2015. (Doc. 27.)

Mr. Guille has not made a sufficient showing of exceptional circumstances. As previously found by the Court, Mr. Guille's pleadings and other filings clearly demonstrate his ability to articulate his claims. Although Mr. Guille is incarcerated out of state, it appears based upon the parties' filings that there is a video of the interaction at issue. Therefore, it is likely that the factual disputes could be minimal. The motion will be denied.

Based upon the foregoing the Court issues the following:

## ORDER

1. Mr. Guille's Motion for an Extension of Time (Doc. 35) is **DENIED**.

2. Mr. Guille's Motion to Compel (Doc. 36) is **DENIED without prejudice and subject to renewal** should this matter not be decided on a motion for summary judgment.

3. Mr. Guille's Motion to Appoint Counsel (Doc. 42) is **DENIED**.

4. Defendants' Motion for a Protective Order (Doc. 44) is **GRANTED** to the limited extent that Defendants may file a motion for summary judgment. Should summary judgment be denied, the Court will reconsider the motion.

5. At all times during the pendency of this action, Mr. Guille must immediately advise the Court and opposing counsel of any change of address and its effective date. Failure to file a notice of change of address may result in the

dismissal of the action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

 DATED this 16th day of December, 2015.

           */s/ John Johnston*
           John Johnston
           United States Magistrate Judge