IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION



| | |
|---|---|
| ADRIAN GUILLE, <br><br> Plaintiff, <br><br> vs. <br><br> JOSH SWEENEY, TOM WOOD, CHRIS CONNELL, MYRON BEESON, SGT. ROBERT TURNER, JOSH KNIGHT, SAMUEL SHORT, JASON TRUDEAU, GARRETT KENT, DANIEL SEGOVIC and LEROY KIRKEGARD, <br><br> Defendants. | CV 14–51–H–DLC–JTJ <br><br> ORDER |

United States Magistrate Judge John Johnston entered his Order, Findings and Recommendations in this matter on August 19, 2016, recommending that Defendants' motions for summary judgment be granted in part and denied in part. Defendants timely filed objections and are therefore entitled to de novo review of those Findings and Recommendations to which they specifically object. 28 U.S.C. § 636(b)(1)(C). This Court reviews for clear error those findings and recommendations to which no party objects. *See McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.,* 656 F.2d 1309, 1313 (9th Cir. 1981); *Thomas v.*

*Arn*, 474 U.S. 140, 149 (1985). "Clear error exists if the Court is left with a definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000). The parties are familiar with the facts of this case and they will not be repeated here.

Turning to the objections, Defendants contend that Judge Johnston erred in denying Defendants' motions for summary judgment. In their objections, Defendants raise three specific arguments: (1) the Inner-Perimeter Security ("IPS") Team Defendants[1] are entitled to qualified immunity based upon the undisputed facts of this case; (2) the non-IPS Team Defendants[2] are entitled to summary judgment because there was no underlying rights violation; and (3) the non-IPS Team Defendants are entitled to summary judgment because Plaintiff Adrian Guille ("Guille") failed to raise a genuine factual dispute as to whether they had actual knowledge that the IPS Team had engaged in unconstitutional conduct. The Court will address each of these arguments.

### I. Qualified Immunity

As stated, the IPS Defendants argue that they are entitled to qualified immunity based upon the undisputed facts of this case and Judge Johnston's

---

[1] These Defendants are Josh Sweeney, Samuel Short, Jason Trudeau, Garrett Kent and Daniel Segovic.

[2] These Defendants are Leroy Kirkegard, Tom Wood, Chris Conell, and Myron Beeson.

conclusion that the IPS Defendants were not entitled to summary judgment is based on an erroneous conclusion of law. Specifically, Defendants take issue with Judge Johnston's finding that: "Taking the facts in the light most favorable to Mr. Guille, he was completely compliant, and therefore, there was no need for any force." (Doc. 79 at 22.) Defendants raise three specific arguments supporting this general argument. First, Defendants argue that it is undisputed that Guille did not comply with the order to "strip down, cuff up," because he did not remove his underwear. Thus, Defendants argue, use of force was appropriate. The Court disagrees.

The Court recognizes that it is undisputed that Guille did not strip down to his underwear during the search of his cell. However, the Court agrees with Judge Johnston that, viewing the facts in the light most favorable to Guille, there is a genuine dispute of material fact as to whether he was complying with their request to "strip down." Under Guille's version of the facts, he states that he attempted to comply with the IPS Team's order by initially placing his hands open-face through the cuff-port only to have his hands pushed back through by an IPS member. He then took off some of his clothes to show that he was not hiding a weapon and placed his hands again through the cuff-port. According to Guille, after being sprayed with OC spray he repeatedly asked: "What do you want me to do?" Under

Guille's version of the facts, he was never specifically ordered to remove his underwear. Thus, taking the facts in the light most favorable to Guille, he was attempting to comply and no use of force was necessary.[3] However, even if this was not the case, there is a still dispute of fact as to whether the officers' conduct was reasonable.

Defendants contend that they are entitled to qualified immunity because Guille was not fully complying with the IPS Team's orders and possessed a makeshift weapon, and thus their use of force was reasonable under the circumstances. However, as discussed, there is an issue of fact as to whether Guille was attempting to comply with the IPS Team's orders. Further, Guille states that he did not possess a weapon and it is undisputed that no weapon was found in his cell.[4] Further, Guille states that after he was sprayed with OC spray multiple times, tased, hand-cuffed, taken to the ground, and not resisting their orders, the officers grabbed him by the hair and slammed his face into the floor of

---

[3] Defendants also contend, as a matter of law, that there is no such thing as partial compliance with an order "strip down," and cite to *Collins v. Scott*, 961 F. Supp. 1009 (E.D. Tex. 1997). The Court notes, however, that *Collins* is distinguishable from the case at bar. *Collins*, unlike this case, was a decision issued following a bench trial. There, no issues of fact remained unlike this case where there is still a dispute as to the underlying facts.

[4] Defendants state that Guille must have thrown the weapon out the broken window in his cell. However, it is unclear from the facts before the Court if a weapon was ultimately ever found.

his cell injuring his face. Then, Guille contends, a member of the IPS Team held his face down into a pool of water and forced him to inhale water and glass. If these facts are true, and Guille was not resisting, this use of force was not reasonable.

Defendants also contend that Judge Johnston impermissibly substituted his judgment for that of the prison administration. Defendants base this argument on Judge Johnston's alleged finding that the "IPS Defendants should have been satisfied with [Guille]'s refusal to comply with the order that he "strip out." (Doc. 81 at 11.) However, as Judge Johnston actually found, there are issues of fact as to whether Guille was attempting to comply with the IPS Team's orders and whether he was actually refusing their orders. As discussed, it is undisputed that the officers ordered Guille to "strip out." Nevertheless, there is a dispute of fact as to whether the officers specifically told Guille to remove his underwear. Thus, Judge Johnston did not substitute his judgment for that of the prison administration. Judge Johnston only concluded that there are issues of fact precluding summary judgment. Defendants first objection is overruled.

## II. Underlying Rights Violation

Defendants second objection argues that because the IPS Defendants are entitled to qualified immunity, summary judgment in favor of the non-IPS

Defendants is appropriate on the claim of supervisory liability. However, because the Court agrees with Judge Johnston that factual issues remain that prevent summary judgment in favor of the IPS Defendants, the claim of supervisory liability against the non-IPS Defendants survives and Defendants' objection must fail. Defendants' second objection is overruled.

### III. Knowledge of Unconstitutional Conduct

Defendants' last objection argues that the non-IPS Defendants are entitled to summary judgment because there is a lack of a factual dispute as to whether they had knowledge of the IPS Team's alleged unconstitutional conduct. However, contrary to Defendants' argument, there is only a lack of a factual dispute at this point because there is still outstanding discovery in this matter.

Defendants have refused to comply with Guille's discovery requests for the production for all prior grievances, complaints, or other documents received by the non-IPS Defendants concerning complaints of alleged mistreatment of inmates by the IPS Defendants and any documents or investigative reports issued in response to these complaints. Judge Johnston determined that because he recommended that the IPS Defendants' motion for summary judgment be denied, he would recommend denial without prejudice of the non-IPS Defendants' motion for summary judgment pursuant to Rule 56(d) of the Federal Rules of Civil Procedure.

If Guille moved the Court to compel production of these documents, Judge Johnston stated he was inclined to grant this request with some limitations, and then allow the non-IPS Defendants to renew their motion for summary judgment.

The Court agrees with the Judge Johnston that this is the appropriate course of action in this case. Following additional discovery, the non-IPS Defendants will be allowed to renew their motion for summary judgment with a complete record before the Court. Defendants' third objection is overruled.

Accordingly, the Court reviews the remainder of Judge Johnston's Findings and Recommendations for clear error and, finding none,

IT IS ORDERED that:

(1) Judge Johnston's Findings and Recommendations (Doc. 79) are ADOPTED IN FULL.

(2) The IPS Team Defendants' Motion for Summary Judgment (Doc. 53) is DENIED.

(3) The Non-IPS Team Defendants' Motion for Summary Judgment (Doc. 57) is DENIED WITHOUT PREJUDICE AND SUBJECT TO RENEWAL as to the supervisory liability claims brought against Defendants Leroy Kirkegard, Tom Wood, Chris Conell, and Myron Beeson. The motion is GRANTED as to Defendants Robert Turner, Josh Knight, John Doe Cage Control officer, and with

regard to all official capacity claims. Defendants Turner, Knight, and the John Doe Cage Control officer and all official capacity claims against all defendants are DISMISSED.

DATED this 14th day of December, 2016.

Dana L. Christensen, Chief Judge
United States District Court