IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| ADRIAN GUILLE,<br><br>Plaintiff,<br><br>vs.<br><br>JOSH SWEENEY, TOM WOOD, CHRIS CONNEL, MYRON BEESON, SGT. ROBERT TURNER, JOSH KNIGHT, SAMUEL SHORT, JASON TRUDEAU, GARRETT KENT, DANIEL SEGOVIA, and LEROY KIRKEGARD,<br><br>Defendants. | CV 14-00051-H-DLC-JTJ<br><br>ORDER |

Plaintiff Adrian Guille is a prisoner proceeding in forma pauperis and without counsel. Although his claims arose while he was incarcerated at Montana State, he was transferred to a facility in New Jersey on March 27, 2017. (Doc. 111-1, Notice of Change of Address, Doc. 112.) Pending are Mr. Guille's Motion to Compel (Doc. 83) and Defendants' Motion for a Protective Order (Doc. 90).

The discovery request at issue is Mr. Guille's request for "any and all grievances, complaints, or other documents received by prison staff, concerning the mistreatment of inmates by the IPS Defendants and any memoranda, investigative files, or other documents created in response to such complaints from

1

July 5, 2012 to July 5, 2013." (Mtn to Compel, Doc. 84 at 2.) Defendants argue the motion should be denied because "1) he seeks documents that are not relevant; 2) searching for and producing the requested documents would impose a significant undue burden on Defendants; 3) production of these documents could compromise safety and security at MSP; and 4) the documents cannot be used as character evidence." (Doc. 88 at 2.)

The Court addressed the relevancy of the requested documents on two prior occasions finding that "other inmates' grievances regarding the use of force by the individual Defendants prior to July 5, 2013 may be vital to establishing supervisory liability." (December 16, 2015 Order, Doc. 51 at 5-6, n.3; August 19, 2016 Order, Doc. 79 at 29.) In its August 19, 2016 Order, the Court indicated that it was "inclined to order the production of these documents with the redaction of names and other confidential information of the inmates making and/or involved in the grievances." (Doc. 79 at 30.)[1]

The Court conducted two hearings on Defendants' "unduly burdensome" defense to the motion to compel. Based upon the evidence presented at those hearings, the Court finds that there is a method by which MSP can obtain the

---

[1]Judge Christensen agreed with this course of action in his December 14, 2016 Order. (Doc. 96 at 7.)

information responsive to Mr. Guille's request which is not unduly burdensome.

Based upon the testimony of Associate Warden Wood there are use of force packets which contain a cover sheet stating the names of the officers involved. Therefore, it appears that it would be possible for Defendants to review the approximately 60-100 use of force packets for July 5, 2012 through July 5, 2013 to determine in which use of force incidents IPS officers Sweeney, Knight, Short, Trudeau, Kent, and Segovia were involved. From that information, it could be determined if an inmate filed a grievance complaining about the use of force by the named Defendants.

Therefore, the Court is going to require the production of documents requested by Mr. Guille. In order to protect the confidentiality of the grievance process, the Court will allow the documents to be redacted to remove all reference to other inmates and MSP staff not named as Defendants in this lawsuit. Should Defendants want additional protections regarding these documents they may present a draft protective order within 10 days of the date of this Order.

Based upon the foregoing the Court issues the following:

**ORDER**

1. Mr. Guille's Motion to Compel (Doc. 83) is GRANTED. Defendants shall produce to Mr. Guille "any and all grievances, complaints, or other

documents received by prison staff, concerning the mistreatment of inmates by the IPS Defendants and any memoranda, investigative files, or other documents created in response to such complaints from July 5, 2012 to July 5, 2013" within 30 days of the date of this Order. If an inmate filed a grievance regarding a particular use of force, the use of force packet should be produced.

Responsive documents may be redacted to remove all identifying information regarding the identity of other inmates and MSP staff not named as defendants in this action. The Non-IPS team Defendants shall have 21 days after the production of these documents to renew their motion for summary judgment.

2. Defendants' Motion for a Protective Order (Doc. 90) is DENIED.

3. On or before August 31, 2017, Defendants shall advise the Court whether they would be willing to participate in a mediation of this matter.

4. Mr. Guille must immediately advise the Court and opposing counsel of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

DATED this 17th day of August, 2017.

                                                    */s/ John Johnston*
                                                    John Johnston
                                                    United States Magistrate Judge