

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| ADRIAN GUILLE,<br><br>Plaintiff,<br><br>vs.<br><br>JOSH SWEENEY, TOM WOOD, CHRIS CONNEL, MYRON BEESON, SAMUEL SHORT, JASON TRUDEAU, GARRETT KENT, DANIEL SEGOVIA, and LEROY KIRKEGARD,[1]<br><br>Defendants. | CV 14-00051-H-DLC-JTJ[2]<br><br>ORDER |

Plaintiff Adrian Guille is a prisoner proceeding in forma pauperis and without counsel. Pending are Defendants' Objection to Magistrate Judge's Order granting Mr. Guille's Motion to Compel (Doc. 127); Defendants' Motion for Protective Order (Doc. 128); Non-IPS Team Defendants' Renewed Motion for Summary Judgment (Doc. 133);[3] Mr. Guille's Motion for Sanctions for Failure to

---

[1]The case style has been amended to reflect the December 14, 2016 dismissal of Defendants Turner and Knight. (Doc. 96.)

[2]In light of the rulings contained herein, the Clerk of Court is directed to terminate the referral to United States Magistrate Judge Johnston.

[3]These Defendants are Leroy Kirkegard, Tom Wood, Chris Conell, and Myron Beeson referred to hereinafter as "Non-IPS Team Defendants."

1

Comply with a Court Order in Discovery (Doc. 142); Defendants' Motion to Strike Mr. Guille's Second Response to Motion for Summary Judgment (Doc. 143); Mr. Guille's Motion to Stay (Doc. 146); Mr. Guille's Motion for Leave to File his Sur-Reply Brief in Response to Defendants' Reply Brief in Support of their Motion to Strike (Doc. 151); Mr. Guille's Motion to Compel Discovery (Doc. 153); Mr. Guille's Motion for Summary Judgment (Doc. 156); Mr. Guille's Motion in Limine to Exclude his Prior Institutional and Criminal Records from Trial (Doc. 159); Defendants' Motion to Strike Mr. Guille's Motion for Summary Judgment (Doc. 161); and Defendants' Motion to Strike Mr. Guille's Motion in Limine (Doc. 162).

The Court finds Defendants' Motion for Summary Judgment is dispositive of most of the pending issues and will therefore address that motion first.

## I. Non-IPS Team Defendants' Motion for Summary Judgment

### A. Standard

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Under summary judgment practice, "[t]he moving party initially bears the burden of proving the absence of a genuine issue of material fact." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir.

2010) (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). The moving party may accomplish this by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" or by showing that such materials "do not establish the absence or presence of a genuine dispute, or that the adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A), (B).

"Where the non-moving party bears the burden of proof at trial, the moving party need only prove that there is an absence of evidence to support the non-moving party's case." *Oracle Corp.*, 627 F.3d at 387 (*citing Celotex*, 477 U.S. at 325); *see also* Fed. R. Civ. P. 56(c)(1)(B). Summary judgment should be entered, "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *See Celotex*, 477 U.S. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the

standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." *Id.*

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. *See* Fed. R. Civ. P. 56(c)(1); *Matsushita*, 475 U.S. at 586 n.11. But "[a] plaintiff's verified complaint may be considered as an affidavit in opposition to summary judgment if it is based on personal knowledge and sets forth specific facts admissible in evidence." *Lopez v. Smith*, 203 F.3d 1122, 1132 n.14 (9th Cir. 2000) (en banc). The opposing party must demonstrate that the fact in contention is material, i.e., a fact "that might affect the outcome of the suit under the governing law," and that the dispute is genuine, i.e., "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

"In evaluating the evidence to determine whether there is a genuine issue of fact," the court draws "all inferences supported by the evidence in favor of the non-moving party." *Walls v. Cent. Costa Cnty. Transit Auth.*, 653 F.3d 963, 966 (9th Cir. 2011). It is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. *See Richards v. Nielsen Freight Lines*, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586 (citations omitted).

By contemporaneous notice provided October 6, 2017 (Doc. 136), Mr. Guille was advised of the requirements for opposing a motion brought pursuant to Rule 56 of the Federal Rules of Civil Procedure. *See Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998)(en banc ); *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988).

### B. Supervisory Liability

Mr. Guille has alleged the Non-IPS Team Defendants failed to supervise and/or take disciplinary action to curb a known pattern of physical abuse to inmates by Defendants Sweeney, Short, Trudeau, Kent and Segovia (hereinafter "IPS Team Defendants"). He alleges this constituted deliberate indifference to his safety and proximately caused a violation of his Eighth Amendment rights. (Amd.

5

Cmplt., Doc. 32 at 14-15.)

An individual can be held liable in their individual capacity under a theory of supervisory liability. "[A] plaintiff may state a claim against a supervisor for deliberate indifference based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by his or her subordinates." *Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011). Section 1983 will not impose liability on supervising officers under a respondeat superior theory of liability. *Monell*, 436 U.S. at 691-94. That is, a defendant cannot be held liable just because they supervise other employees. Instead, supervising officers can be held liable under § 1983 "only if they play an affirmative part in the alleged deprivation of constitutional rights." *King v. Atiyeh*, 814 F.2d 565, 568 (9th Cir. 1987).

The Ninth Circuit has identified four general situations in which supervisory liability may be imposed: (1) for setting in motion a series of acts by others, or knowingly refusing to terminate a series of acts by others, which they knew or reasonably should have known would cause others to inflict constitutional injury; (2) for culpable action or inaction in training, supervision, or control of subordinates; (3) for acquiescence in the constitutional deprivation by subordinates; or (4) for conduct that shows a reckless or callous indifference to the rights of others. *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991).

But allegations against supervisors which resemble "bald" and "conclusory" allegations should be dismissed. *Hydrick v. Hunter*, 669 F.3d 937 (9th Cir. 2012). Allegations that a supervisory defendant had personal knowledge of a constitutional violation will be insufficient without "specific allegations regarding each Defendant's purported knowledge" of the violation. *Hydrick*, 669 F.3d at 942. Therefore, Mr. Guille must provide "sufficient facts to plausibly establish the defendant's 'knowledge of' and 'acquiescence in' the unconstitutional conduct of his subordinates." *Hydrick*, 669 F.3d at 942 *citing Starr*, 652 F.3d at 1206–07.

"A defendant may be held liable as a supervisor under § 1983 if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011). That is, to impose liability under section 1983 against a supervisor, a plaintiff must establish the supervisor's prior knowledge of unconstitutional conduct committed by subordinates that would give the supervisor notice of the need for changes. *Howell v. Earl*, 2014 WL 2594235 (D.Mont. 2014)(*citing Starr*, 652 F.3d at 1208; *Dougherty v. City of Covina*, 654 F.3d 892, 900–01 (9th Cir. 2011)); *see also Larez*, 946 F.2d 630, 646 (9th Cir. 1991), *Watkins v. City of Oakland*, 145 F.3d 1087, 1093–94 (9th Cir. 1997), and *Blankenhorn v. City of Orange*, 485 F.3d 463

(9th Cir. 2007).

As Judge Johnston previously determined, if the Non-IPS Team Defendants were on notice of the IPS Team Defendants' propensity to use excessive force and they failed to take action to remedy that issue, they could be held liable. In order to gather evidence on this issue, Mr. Guille requested the production of other inmates' grievances against the IPS Team Defendants. (Doc. 37-1 at 67.) Apparently, the MSP grievance system is set up in such a manner that it is (at least according to Defendants) virtually impossible to search for grievances filed against a particular employee because the grievances are kept in each individual prisoner's grievance file and are not categorized by whom the complaint is made against. (Doc. 88-1, ¶ 8.) As such, Defendants steadfastly refused to produce prior grievances against the individual IPS Team Defendants on the grounds that such a production would be unduly burdensome. It was only after two hearings conducted by Judge Johnston that it was determined that Defendants could reasonably search the use of force packets that the IPS Team Defendants were involved with and then cross-reference those use of force packets with grievances that may have been filed by the inmates involved in the use of force. (Doc. 126 at 4.) As such, Judge Johnston ordered the production of the responsive grievances and corresponding use of force packets. (Doc. 126.)

Presumably without conducting this search, Defendants filed an objection to Judge Johnston's Order on the ground that the use of force packets were not reasonably calculated to lead to the discovery of relevant evidence, that the use of force packets were not within the scope of Mr. Guille's request and motion, and the production of the use of force packets could compromise institutional security. (Doc. 127.)

It was only in their Motion for Summary Judgment that Defendants admitted they conducted the search as directed by Judge Johnston and that it only lead to the discovery of a single grievance against the named IPS Team Defendants. That grievance was related to a June 27, 2013 use of force but was not filed with prison officials until August 9, 2013 which was after the July 5, 2013 Guille incident.

Because it is undisputed that there was only one grievance dated after the incident at issue regarding an incident which occurred only one week before the incident at issue, summary judgment will be granted for the Non-IPS Team Defendants. While Mr. Guille argues that he has 30-50 witnesses he intends to subpoena to trial to testify that the IPS Team Defendants were known for assaulting inmates (Doc. 141 at 2), he has not provided any evidence to establish that any Non-IPS Team Defendant had prior knowledge of unconstitutional

conduct committed by the IPS Team Defendants that would give the Non-IPS Team Defendants notice of the need for changes. Even if Mr. Guille and all of his other witnesses testified that they witnessed prior assaults on inmates, there is no evidence before the Court that the Non-IPS Defendants were put on notice of the alleged prior incidents. Mr. Guille has failed to provide "sufficient facts to plausibly establish the defendant's 'knowledge of' and 'acquiescence in' the unconstitutional conduct of his subordinates." *Hydrick*, 669 F.3d at 942 *citing Starr*, 652 F.3d at 1206–07.

As such, the Court will grant the Non-IPS Team Defendants' motion for summary judgment and Defendants Leroy Kirkegard, Tom Wood, Chris Conell, and Myron Beeson will be dismissed.

## II. Remaining Motions

Defendants' Objections to Magistrate Judge's Order (Doc. 127) will be granted not for the reasons stated therein but based upon the granting of the Non-IPS Team Defendants' motion for summary judgment.

Mr. Guille's Motion for Sanctions (Doc. 142) and Motion to Compel (Doc. 153) will be denied. Because Defendants had filed a motion for protective order, they were under no obligation to produce the single responsive use of force packet.

Defendants' Motion to Strike Mr. Guille's Second Brief in Opposition to Defendants' Motion for Summary Judgment (Doc. 143) will be denied and Mr. Guille's Motion for Leave to File Sur-Reply Brief in Response to Defendants' Reply Brief in Support of the Motion to Strike (Doc. 151) will be granted. Out of an abundance of caution, the Court considered all of Mr. Guille's filings in making these rulings.

Mr. Guille's Motion to Stay his Motion for Discovery Sanctions until ruling on the Motion for Protective Order (Doc. 146) will be denied as moot.

Mr. Guille's Motion for Summary Judgment (Doc. 156) will be denied in light of the rulings of Defendants' Motions for Summary Judgment. The Non-IPS Defendants are dismissed and there remain material issues of fact as to whether the IPS Team Defendants' use of force against Mr. Guille was excessive and in violation of Mr. Guille's Eighth Amendment rights. (December 14, 2016 Order, Doc. 96.) This matter will proceed to trial on those claims.

In light of the scheduling of trial in this matter, Defendants' Motion to Strike Mr. Guille's Motion in Limine (Doc. 162) will be denied and Defendants will be required to respond to that motion in preparation for the Court's pre-trial rulings.

Based upon the foregoing the Court issues the following:

**ORDER**

1. Defendants' Objection to Judge Johnston's Order (Doc. 126) granting Mr. Guille's Motion to Compel (Doc. 127) is SUSTAINED.

2. Defendants' Motion for Protective Order (Doc. 128) is GRANTED.

3. Defendants' Motion for Summary Judgment (Doc. 133) is GRANTED and Defendants Leroy Kirkegard, Tom Wood, Chris Conell, and Myron Beeson are DISMISSED.

4. Mr. Guille's Motion for Sanctions (Doc. 142) is DENIED.

5. Defendants' Motion to Strike Mr. Guille's Second Brief in Opposition to Defendants' Motion for Summary Judgment (Doc. 143) is DENIED.

6. Mr. Guille's Motion to Stay (Doc. 146) is DENIED AS MOOT.

7. Mr. Guille's Motion for Leave to File Sur-Reply Brief in Response to Defendants' Reply Brief in Support of the Motion to Strike (Doc. 151) is GRANTED.

8. Mr. Guille's Motion to Compel (Doc. 153) is DENIED.

9. Mr. Guille's Motion for Summary Judgment (Doc. 156) is DENIED.

10. Defendants' Motion to Strike Mr. Guille's Motion for Summary Judgment (Doc. 161) is DENIED.

11. Defendants' Motion to Strike Mr. Guille's Motion in Limine (Doc. 162) is DENIED. Defendants shall file a response to Mr. Guille's Motion in Limine within 14 days of the date of this Order.

12. Mr. Guille must immediately advise the Court and opposing counsel of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

DATED this 18th day of June, 2018.

*/s/ Dana L. Christensen*
Dana L. Christensen, Chief Judge
United States District Court