IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| ADRIAN GUILLE,<br><br>Plaintiff,<br><br>vs.<br><br>JOSH SWEENEY, SAMUEL SHORT, JASON TRUDEAU, GARRETT KENT, and DANIEL SEGOVIA,<br><br>Defendants. | CV 14-00051-H-DLC<br><br><br>ORDER |

Pending are Plaintiff Adrian Guille's Motion in Limine (Doc. 159), Motion for Reconsideration (Doc. 169), a document entitled "Plaintiff's Objections to the Use of Chief Judge Presiding over Trial, Pre-trial Proceedings Due to Conflict of Interest, Bias Against Plaintiff" (Doc. 170) which has been construed as a motion to recuse, and two Motions for Writs of Habeas Corpus ad Testificandum (Docs. 171, 176). Defendants filed a response to Mr. Guille's motions for writs of habeas corpus ad testificandum but did not respond to the motion for reconsideration or the motion for recusal. Nevertheless, Mr. Guille's motions will be denied.

I. **Motion in Limine (Doc. 159)**

In his motion in limine, Mr. Guille seeks to exclude his prior institutional and criminal records from trial. (Doc. 159.) He argues this evidence would be

1

irrelevant if the named Defendants were not aware of his prior record, that the probative value of this evidence is substantially outweighed by the danger of unfair prejudice, and that prior convictions are generally used only to impeach the credibility of a party or witness. (Docs. 159, 160.)

"Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 40 n. 2 (1984). But the Court "is almost always better situated during the actual trial to assess the value and utility of evidence." *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1218 (D. Kan. 2007). The Sixth Circuit has explained that, "a better practice is to deal with questions of admissibility of evidence as they arise [in trial]" as opposed to ruling on a motion in limine. *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975).

The Court will not make a general ruling regarding the admissibility Mr. Guille's institutional history and/or criminal history because there has been no indication what if any of this evidence Defendants intend to seek to introduce at trial. Any information Defendants were aware of on the date of the incident regarding Mr. Guille's criminal and institutional history may be relevant to Defendants' defenses in this case but the Court cannot make that determination in

the abstract.

The motion in limine will be denied without prejudice and subject to renewal at the Court's Final Pretrial Conference and at trial.

## II. Motion for Reconsideration (Doc. 169)

Mr. Guille moves for reconsideration of the Court's June 18, 2018 Order granting the supervisory Defendants' Motion for Summary Judgment. (Doc. 169.) Local Rule 7.3 provides as follows:

> (b) Form and Content of Motion for Leave. A motion for leave to file a motion for reconsideration may seek reconsideration only of an interlocutory order, must be limited to 2,275 words or, for pro se litigants, seven pages, and must specify why it meets at least one of the following:
> - (1) (A) the facts or applicable law are materially different from the facts or applicable law that the parties presented to the court before entry of the order for which reconsideration is sought, and
>   - (B) despite the exercise of reasonable diligence, the party applying for reconsideration did not know such fact or law before entry of the order; or
> - (2) new material facts arose or a change of law occurred after entry of the order.
>
> (c) Prohibition Against Repetition of Argument. No motion for leave to file a motion for reconsideration of an interlocutory order may repeat any oral or written argument made by the applying party before entry of the order. Violation of this restriction subjects the offending party to appropriate sanctions.

Mr. Guille raises twelve arguments in support of his motion for

reconsideration but does not establish that the facts or applicable law are materially different from the facts or law presented in his previous filings prior to entry of the Order granting summary judgment. For the most part, Mr. Guille raises arguments and contentions that were already presented to the Court before it granted the supervisory Defendants' motion for summary judgment. There are however, two issues the Court must address: (1) Mr. Guille's contention that he was not provided a copy of the Court's Local Rules and (2) his contention that he did not receive notice of the summary judgment rules as required by *Rand v. Rowland*, 154 F.3d 952, 960-61 (9th Cir. 1998).

## A. Local Rules

Mr. Guille contends he requested but was not provided with a copy of the Court's Local Rules. (Motion for Reconsideration, Doc. 169 at 1.) He argues that the Local Rules require a statement of undisputed facts but the Federal Rules of Civil Procedure do not have such a requirement. He contends he was not provided a copy of the Local Rules and therefore could not have known of this requirement in order to move to strike Defendants' Motion for Summary Judgment for failing to file a statement of undisputed facts. (Doc. 169 at 2; see also Point #1, Doc. 169 at 2; Argument #5, Doc. 169-2 at 2; Doc. 170 at 1-2.) But Defendants filed both a Statement of Undisputed Facts (Doc. 59) and a Supplemental Statement of

Undisputed Facts (Doc. 135). As such, this is not a sufficient grounds to reconsider the decision to grant the Supervisory Defendants' Motion for Summary Judgment.[1]

**B. Rand Notice**

In his "Objections to Judge's Granting of Partial Summary Judgment for the Defendants," Mr. Guille contends he was not given a notice required by *Rand v. Rowland*, 154 F.3d 952, 960-61 (9th Cir. 1998). (Doc. 169-3 at 1.) In *Rand*, the Ninth Circuit Court of Appeals held that a pro se prisoner is entitled to fair notice of the requirements of the summary judgment rule. *Rand*, 154 F.3d 952. According to the record, Defendants served a Notice and Warning to Plaintiff on Mr. Guille on October 6, 2017 contemporaneously with the supervisory Defendants' renewed motion for summary judgment. (Doc. 136.) In addition, Defendants indicated in their renewed motion for summary judgment that they had filed a *Rand* Notice and Warning to Plaintiff as required under L.R. 56.2. (Doc. 133, at 2.) Mr. Guille obviously received Defendants' motion because he filed

---

[1] The record reflects that Mr. Guille was provided a copy of the applicable Local Rules with the Court's March 23, 2015 Scheduling Order including Local Rule 56 which sets forth the requirement to file a statement of undisputed facts with a motion for summary judgment and a statement of disputed facts with a response to a motion to summary judgment. (Doc. 18-2 at 35-36.) Mr. Guille frequently cited to the Court's Local Rules (Docs. 28 at 5, 71 at 5, 101-1 at 1, 101-3, 141-1 at 2, 145 at 5, 151-1 at 1) and any alleged failure to provide the Court's Local Rules to Mr. Guille was not the basis for granting Defendants' motion for summary judgment.

two responses to the motion. (Docs. 137, 141.) Prior to his motion for reconsideration, Mr. Guille never raised the issue of not having received a *Rand* notice. The Court finds that the record establishes that he did in fact receive a *Rand* notice.

Generally, a failure to give adequate notice is reversible error and the Court need not engage in a harmless error analysis. *Rand*, 154 F.3d at 961. The Ninth Circuit, however, recognizes "that there may be the unusual case where the harmlessness of the failure to give the required notice may be established on the record or by judicial notice." *Id.* Examples of such cases may be where the Court could take judicial notice that the plaintiff had recently been served with a *Rand* notice or that the pro se prisoner has a complete understanding of Rule 56's requirements. *Id.*

Even if Mr. Guille did not receive the October 6, 2017 Notice and Warning, the Court finds that this is the unusual case where the harmlessness of any failure to receive the required notice is established on the record. Mr. Guille was served with two Notices and Warning to a Pro Se Prisoner as required by *Rand* on January 7, 2016 (Docs. 56 and 60). These documents were remailed to Mr. Guille by the Clerk of Court as directed by Judge Johnston June 17, 2016 Order (Doc. 68).

Moreover, Mr. Guille has demonstrated a complete understanding of Rule 56's requirements as evidenced by his numerous responses the Defendants' multiple motions for summary judgment. His responses included detailed statements of facts and disputed facts, citations to and quotations from legal authorities including Rule 56, and Mr. Guille makes repeated references to Rule 56 in all his responses to Defendants' motions for summary judgment. (July 11, 2016 Response, Doc. 73-1 at 6; November 8, 2017 Response, Doc. 137 at 1; December 11, 2017 Second Response, Doc. 141 at 1.) Mr. Guille's responses clearly demonstrated that he understood the nature of summary judgment and complied with the requirements of Rule 56. *See Labatad v. Corrections Corporation of America*, 714 F.3d 1155, 1159-1160 (9th Cir. 2013).

The Court will not reconsider its Order granting the supervisory Defendants' motion for summary on this basis.

### III. Motion for Recusal (Doc. 170)

Mr. Guille has filed an objection to the undersigned presiding over trial and pre-trial proceedings due to what he contends is a conflict of interest and alleged bias against Mr. Guille. (Doc. 170.) The motion will be construed as a motion to recuse. The Court will consider the merits of Mr. Guille's motion under the provisions of 28 U.S.C. § 455. "Section 455 imposes an affirmative duty upon

judges to recuse themselves." *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1983). The statute provides, as follows:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
> (2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;
> (3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;
> (4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;
> (5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:
>> (i) Is a party to the proceeding, or an officer, director, or trustee of a party;
>> (ii) Is acting as a lawyer in the proceeding;
>> (iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
>> (iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

28 U.S.C. § 455(a) and (b).

Section 455(a) requires disqualification for the appearance of partiality. What matters under section 455(a) "is not the reality of bias or prejudice but its appearance[,]" and the test for disqualification is an objective one. *Liteky v. United States*, 510 U.S. 540, 548 (1994). Disqualification is warranted if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Blixseth v. Yellowstone Mountain Club, LLC*, 742 F.3d 1215, 1219 (9th Cir. 2014) (quotation and citation omitted). The "reasonable person" is not "hypersensitive or unduly suspicious," and "is not a 'partly informed man-in-the-street[.]'" *Blixseth*, 742 F.3d at 1219, and *United States v. Holland*, 519 F.3d 909, 913-14 (9th Cir. 2008). Rather, the reasonable person is a "well-informed, thoughtful observer[,]" and is "someone who 'understand[s] all the relevant facts' and has examined the record and the law." *Holland*, 519 F.3d at 913-14 (citation omitted).

The analysis under section 455(a) is also subject to the "extrajudicial source" doctrine. *Liteky*, 510 U.S. at 554. The doctrine requires that the basis for disqualification generally must be "something other than rulings, opinions formed[,] or statements made by the judge during the course of trial." *Holland*, 519 F.3d at 913-14.

In his motion to recuse, Mr. Guille first argues that he was not provided

9

copies of this Court's Local Rules. (Doc. 170 at 1.) As set forth above, Mr. Guille was provided a copy of the Court's applicable local rules and he complied with these rules in responding to Defendants' motion for summary judgment. A motion to strike Defendants' motion for summary judgment for failure to file a statement of undisputed facts would have been denied because Defendants' filed both a Statement of Undisputed Facts (Doc. 59) and a Supplemental Statement of Undisputed Facts (Doc. 135). Further, any failure to abide by one of the Court's local rules was not the basis of the Court's decision to grant the supervisory defendants' motion for summary judgment.

Next, Mr. Guille argues he filed a formal complaint against "his judge" to the Chief Judge of the Ninth Circuit. He alleges that a short time after he filed this complaint, the Court ruled against him on "every possible outstanding discovery dispute." (Doc. 170 at 2.) He argues that the Court agreed with the production of the use of force packets but then "changed course" after Mr. Guille filed a formal complaint against the undersigned. (Doc. 170 at 3.)

There are several problems with this argument. First, the Court is not aware that a judicial complaint was filed against him by Mr. Guille. Mr. Guille attached to his motion to recuse a document entitled "formal complaint" (Doc. 172 at 10) which the Court assumes is the "formal complaint" to which Mr. Guille refers.

The document is dated May 7, 2018 but there is no indication to whom the complaint was addressed or if any action was taken on the complaint. The Court has no knowledge of a complaint being filed against him.

Secondly, the Court made an advised decision to not require the production of the use of force packets because Defendants conducted the search for documents directed by Judge Johnston and that search led to the discovery of a single grievance against the named IPS Team Defendants. That grievance related to a June 27, 2013 use of force incident but it was not filed with prison officials until August 9, 2013, after the July 5, 2013 Guille incident. As such, the Court found there were no responsive use of force packets. (Doc. 163 at 9.) The Court found that Mr. Guille provided no evidence to establish that the named supervisory defendants were on notice of any alleged prior incidents of excessive force. *Id.* at 9-10. Mr. Guille argues that the only reason there is no evidence to support his claims against the supervisory defendants is because the Court allowed Defendants to withhold evidence. The Court did not allow Defendants to withhold evidence–there was no responsive evidence to Mr. Guille's discovery requests.

In short, Mr. Guille is seeking to have the undersigned recuse himself based upon the Court's prior rulings. This is an insufficient basis because the "extrajudicial source" doctrine requires that the basis for disqualification generally

must be "something other than rulings, opinions formed[,] or statements made by the judge during the course of trial." *Holland*, 519 F.3d at 913-14.

The motion to recuse will be denied.

## IV. First Motion for Writ of Habeas Corpus ad Testificandum (Doc. 171)

Mr. Guille seeks a writ of habeas corpus ad testificandum requiring the Warden of Montana State Prison to make arrangements to bring Mr. Guille to court for the scheduled trial. (Doc. 171.) This motion will be denied as moot because in its June 18, 2018 Trial Scheduling Order, the Court required Defendants to obtain Mr. Guille's presence at trial and ensure that his legal materials were available to him at trial. (Doc. 164 at 2.) The Court does not read Mr. Guille's motion as a request for appointment of counsel.

## V. Second Motion for Writ of Habeas Corpus ad Testificandum (Doc. 176)

Mr. Guille also seeks writs of habeas corpus ad testificandum for "all inmates housed on B-block on 7-5-13" to testify on Mr. Guille's behalf at trial. He contends these inmates are on his will-call witness list previously submitted to the Court. (Doc. 176.) The Court, however, has not received a list of witnesses which Mr. Guille intends to call at trial.

In its June 18, 2018 Order, the Court provided specific instructions to Mr. Guille on how to subpoena witnesses for trial. (Doc. 164.) On or before October

15, 2018, Mr. Guille was to comply with the following for any witness he wanted to subpoena to testify at trial:

> (b) Plaintiff's Subpoena Requests; Time to File.
>     (1) As Plaintiff has been granted leave to proceed in forma pauperis, 28 U.S.C. § 1915(d) requires officers of the Court to issue and serve witness subpoenas for trial. Therefore, the Court will have the United States Marshals Service serve proper subpoenas requested by Plaintiff. **Plaintiff must submit his subpoena requests to the Court on or before the date set forth above in paragraph 1.** Those subpoena requests must comply with the requirements set forth herein or the subpoenas will not be served.
>     (2) Plaintiff's subpoena request must identify the witness by name, current address, a brief description of their expected testimony, an indication whether they are prisoners or not and whether Plaintiff anticipates that they will be prisoners at the time of trial.
> (c) Plaintiff's Witnesses for Whom a Subpoena is Required.
>     (1) If Plaintiff wishes to call a prisoner as a witness, Plaintiff must request a subpoena for the prisoner. Prisoner witnesses will most likely appear by video.

(Trial Scheduling Order, Doc. 164 at 1, 9-10.) Mr. Guille has completely failed to comply with these instructions. Even if the Court liberally construes Mr. Guille's "Petition for Writ of Habeas Corpus ad Testificandum" as a request for subpoenas, it is untimely because it was dated October 18, 2018. (Doc. 176.) Even if the Court were to overlook the fact that the request was untimely, Mr. Guille has failed to identify his witnesses by name and their current address. Mr. Guille refers to his "will-call witness list previous [sic] submitted to this court." (Doc. 176 at 1.) But the Court cannot locate any such list of will call witnesses in the

13

record. Without the names and addresses for these witnesses, the Court cannot issue subpoenas for these individuals even if Mr. Guille had complied with the Court's trial scheduling order. The petition for writ of habeas corpus ad testificandum will be denied.

Based upon the foregoing, the Court issues the following:

## ORDER

1. Mr. Guille's Motion in Limine (Doc. 159) is DENIED WITHOUT PREJUDICE AND SUBJECT TO RENEWAL.

2. Mr. Guille's Motion for Reconsideration (Doc. 169) is DENIED.

3. Mr. Guille's "Objections to the Use of Chief Judge Presiding over Trial, Pre-trial Proceedings Due to Conflict of Interest, Bias Against Plaintiff" (Doc. 170) as construed as a motion to recuse the undersigned is DENIED.

4. Mr. Guille's Motion for Writ of Habeas Corpus ad Testificandum (Doc. 171) is DENIED AS MOOT.

5. Mr. Guille's Petition for Writ of Habeas Corpus ad Testificandum (Doc. 176) is DENIED.

DATED this 7th day of November, 2018.

Dana L. Christensen, Chief Judge
United States District Court